ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 MAY -9 P 3:21
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR 3:13-004 |
| ) | 3:14-006 |
| ) | |
| GREGORY P. RANGE ) | |

## O R D E R

On May 8, 2013, a grand jury indicted Defendant Gregory P. Range for being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), and for possession of stolen firearms, a violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (See Doc. No. 1, Criminal Case No. CR 3:13-004.) Charles C. Butler, Esq. was appointed to represent Range under the Criminal Justice Act. Range was arraigned on these two charges before the United States Magistrate Judge on May 23, 2013.

The case was originally set for trial on August 28, 2013, but this trial date was continued upon a joint request of the parties. The next scheduled trial date, October 22, 2013, was continued upon motion of Range. The next scheduled trial date of December 2, 2013, was continued pursuant to another joint motion. In each Order continuing the trial of the case, the Court excluded from the time calculation under the Speedy

Trial Act, see 18 U.S.C. § 3161(h)(7)(A), the time between filing the motions for continuance and the date the case was set down for trial. (See Doc. Nos. 79, 95, and 142.[1])

The case was again scheduled for trial on February 26, 2014, but this setting was met by Range's motion for continuance based upon a potential change in his legal representation. The motion was granted and the time excluded from the time calculation under the Speedy Trial Act. (See Doc. No. 174.) A status conference was held on March 26, 2014, to inquire into Range's legal representation. Thereafter, and upon request of Range, the Court terminated the appointment of Mr. Butler and appointed David A. Cox, Esq. of Atlanta, Georgia, as Range's counsel under the Criminal Justice Act.[2]

The trial of this case is now set for May 12, 2014. The matter has become more complicated, however, because of Range's alleged criminal conduct while imprisoned at the Laurens County Jail. On March 5, 2014, Range was indicted by a grand jury for one count of possession of contraband in prison, a violation of 18 U.S.C. § 1791(a)(2) and (b)(3), and

---

[1] Unless otherwise indicated, the docket numbers refer to the docket in Criminal Case No. CR 3:13-004.

[2] Mr. Butler remains local counsel for Mr. Cox, who was admitted pro hac vice. Mr. Butler is serving without appointment or remuneration.

2

for conspiracy to provide or attempt to provide contraband to persons held in custody, a violation of 18 U.S.C. §§ 2 and 371. (See Doc. No. 1, Criminal Case No. CR 3:14-006.) Range was arraigned on these two charges on March 26, 2014, and Mr. Butler was appointed to represent him under the Criminal Justice Act. Presently, the case is scheduled for trial on June 16, 2014.

On April 30, 2014, the Court conducted a telephone conference with Messrs. Butler and Cox and the Assistant United States Attorney to discuss the most practical way to proceed in the two cases. Following the telephone conference, the grand jury handed down a Superseding Indictment on May 7, 2014, in the original case, Criminal Case No. CR 313-004. The Superseding Indictment effectively consolidates the four federal charges from the two criminal cases involving Range, thereby facilitating the conduct of one trial on all pending counts against Range. Mr. Cox will take the place of Mr. Butler in representing Range for all purposes, i.e., for all pre-trial and trial proceedings related to the Superseding Indictment, and any appeal therefrom. Mr. Butler shall remain as local counsel if he is needed.

Having discussed the matter with counsel during the telephone conference, it is apparent to this Court that Mr. Cox will be unable to effectively prepare a defense of the

case, having just entered into the case respecting the contraband charges, before the trial date of June 16, 2014. For this reason, and finding that the ends of justice will only be served thereby, the Court hereby **VACATES** the scheduled trial dates of May 12, 2014, in Criminal Case No. 3:13-004 and June 16, 2014, in Criminal Case No. 3:14-006. After full consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court concludes that the ends of justice served by a delay of the trial outweigh the best interest of the public and the defendant in a speedy trial. Moreover, the time between the filing of the Superseding Indictment-May 7, 2014-and the next available date the case can be set down for trial are excluded from the time calculation under the Speedy Trial Act.

Further, the Clerk is directed to **VACATE** the CJA appointment of Mr. Charles C. Butler in Criminal Case No. 3:14-006 and, in his stead, to **APPOINT** Mr. David A. Cox, who shall thenceforth serve as CJA counsel. Accordingly, from the date of this Order, Mr. Cox will appear as Range's CJA appointed attorney in both cases, while Mr. Butler will remain as local counsel without remuneration.

Finally, the Clerk is directed to docket this Order in both criminal cases, but hereafter the controlling case-indeed, the case in which the Superseding Indictment has been

filed-is Criminal Case No. 3:13-004.  Criminal Case No. 3:14-006 will be dismissed at an appropriate time.

**SO ORDERED** this 9th day of May 2014, at Augusta, Georgia.

*/s/ Dudley H. Bowen Jr.*
UNITED STATES DISTRICT JUDGE